Counsel, you may proceed. Yes, good morning, Your Honor. It's Patricia Vargas on behalf of Petitioner. Could you pull the, or do whatever works? Thank you. This case is before the court to determine whether Mr. Cortez is... And still closer, I'm afraid. You're still not coming through. This case is before this court to determine whether Mr. Cortez is ineligible based on a 1998 conviction for a sexual battery under 243.4a. That conviction was subsequently vacated and reduced to a misdemeanor. It is our position that based on that, the 300 days that were imposed on the original conviction no longer exist, and he's therefore eligible under... It was 300 days probation. And it's our position that that makes him, he qualifies him for the petty offense exception, and that it should be, that the sentence itself was vacated when... Ms. Vargas. Yes. On the 1203.4 motion in Superior Court, the judge granted in part the motion and in part did not grant the motion. He did not change the period of incarceration from 300 days. Does that have an effect on your claim? I don't believe it does, Your Honor. Why? What is the 300 days attached to if the conviction itself has been vacated? Because under federal law, we look at what the original conviction was for. We don't countenance the modification by the State court. Well, it's our position that the BIA... I can't hear you. I'm sorry. It's our position that the BIA as well as this Court have always been full credit to the trial court's rulings. And if the trial court vacated the original felony charge and necessarily vacated the sentence... If they vacated the original finding, why did it keep the 300-day imprisonment term? That was just the ruling of the judge, Your Honor. It was just a stupid mistake by the stupid Superior Court judge? I wouldn't call it a stupid mistake, but a mistake nonetheless. It was a mistake which was requested by the district attorney. The district attorney said, yes, you can change the plea to not guilty. Yes, you can dismiss the charge, but no, I don't want you to dismiss the 300-day imprisonment. And the judge said, okay, I'll do just that. Right? So it wasn't a mistake. It was the grant of a portion of the 1203.4 and a denial of a portion of the 1203.4 motion. Now, why — how can you say that the imprisonment was less than 180 days? Because, Your Honor, if the conviction itself... I see. Okay. Thank you. Okay. Anything further? No, Your Honor. Thank you, counsel. You have some reserved time. Yes. We'll hear from the State — oh, sorry, from the government, from whoever's the agency. Good morning. Amy Carmichael for the government. May it please the Court. The Petitioner's conviction for sexual battery under California Penal Code is a crime involving moral turpitude, thus rendering him removable. Moreover, because the Petitioner was sentenced to 300 days in jail... Could you — I think it would be more effective if you didn't read and if you were a little slower in your delivery. Only if you want to have us listen to what you have to say. Yes, Your Honor. I would prefer that. All right. Well, let's start at the top with deportability versus inadmissibility. The Petitioner is removable under 1227, which is the removability provision, because he committed a crime involving moral turpitude within five years of entry as an LPR. His conviction for sexual battery is a crime involving moral turpitude. This Court, in Gonzalez-Cervantes, examines Section 243E, which is identical in its elements to Section 243A, which is the section under which this Petitioner was convicted, except that 243A has the additional requirement that the victim be unlawfully restrained. So if 243 is a crime involving moral turpitude, it follows that 243A also is. The problem we have in this case is sorting out this petty offense exception. Help us with that. Right. So, moving forward, the — I would like to point out, though, since he's been deemed removable, at this point he's now seeking admission again, and that's the inadmissibility provision, which means that it is the Petitioner's burden, not the government's, to prove that he is admissible and eligible for relief. So the inadmissibility provision does not apply to aliens who have only one crime if the crime meets two requirements. The first is that the maximum penalty is not more than one year, and the Board found that that was true in this case because it's a wobbler offense and the conviction court reduced it to a misdemeanor. However, the second requirement is that he was not sentenced to more than six months of imprisonment, and he was, in fact, sentenced to 300 days, which is more than six months. The Petitioner is arguing that the — that the fact that his conviction was expunged gets rid of his sentence. However, the Petitioner concedes that the conviction is still actually valid for immigration purposes, and it's well established that that's true, but argues that the fact that the conviction was vacated means that the sentence was expunged. However, the Petitioner separately requested that the sentence be reduced from 300 days to 180 days, and that was denied. There would be no point in making that request if the — if the sentence didn't matter. Kennedy. Can you explain to me, just taking Ms. Vargas's point, once the conviction is dismissed under 1203.4, why isn't the sentence dismissed? Well, the thing is that the sentence is dismissed for purposes of State law, but not for purposes of Federal law. Do you have a case that says that? I do, and it is not in front of me in my notes. The Petitioner — Can we find it in the brief? I don't think it was really briefed in this case. The Petitioner conceded — Is that not an important point? It is an important point. Do you want to take a moment and take a look at your papers and see if you can find it? You've got six minutes. Yes. I will note that the Petitioner concedes in her brief that the — that the conviction is still valid for immigration purposes. Well, Ms. Vargas doesn't concede that the sentence is still valid. She does not concede that the sentence is still valid, and the Court hasn't previously ruled on the issue of whether the sentence is, in fact, still valid. And I, of course, would be happy if the Court requests so to file additional citations. You're arguing the case. You have to convince us. Yes, Your Honor. Let's see. I'm sorry. I don't have — I don't seem to have that citation handy. But the Court — is that Fernandez-Ruiz? The Court has previously held that — When? Where? In what case? I'm sorry. I want to say that it was Fernandez-Ruiz, but I'm not 100 percent sure on that. I just don't have the citation in front of me, for which I am deeply apologetic. The — Well, perhaps we should allow both parties to file supplemental lists of authorities to — On this particular point. On this particular point. We would be able to do that. Why don't you tell me what you understand this particular point to be? Okay. The — No, what — that you're going to file these additional citations. Here's how I understand it. The INA outlines what a conviction is. And the fact that the state court, subsequent to state law, expunges the conviction has no effect on the federal law. And the Court, I believe, has previously held that a conviction may remain valid even though it was expunged pursuant to state law. Now, to find that the conviction is still valid, but the sentence that was attached to the conviction is no longer valid doesn't make any sense, particularly in a case such as this, where the Petitioner actually serves time as a result of the sentence. How much time does the record indicate was actually served here? It appears that he served about four months, but there's not — but there's not a specific number of days indicated or anything. But your position is even though he served four months, he was really sentenced to 300 days? Yes. And that is due to the language of this statute. Can we take into account the fact that he only served four months? It should be 120 days? The plain — the plain language of this statute requires that the period of incarceration or confinement ordered by a court of law without regard to whether the — to whether that was actually — time actually served. The sentence may be suspended in whole, but if he was sentenced to confinement, it's still imprisonment within the meaning of the statute. Yeah. It says that did not exceed imprisonment for one year. If the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of six months, regardless of the extent to which the sentence was ultimately executed. Yes. So he was sentenced to 300 days. The fact that he didn't actually serve all 300 of those days is irrelevant. But what about counsel's point that we should look at it as only 180 days? Well, first of all, if you're giving effect to the order of the State court, the State court did not reduce his sentence. The State court maintained the 300-day sentence. And I think that that point is very important in this case. So even giving effect to the State court, they clearly stated that they weren't reducing the sentence. And again, if the effect of the expungement is to treat the conviction like it never happened in any way, that's just not how the expungement works. There's still, even under the terms of the State law, that conviction still does have some residual effects. Now, we don't have an expungement as such here, do we? Well, the statute under which he applied functions as an expungement statute. They're asking that having completed his parole, that the conviction goes away. Right. What happens is that the defendant moves the court to withdraw his guilty plea and his conviction, and then to a plea of not guilty, and the court then dismisses the charge. Yes. So isn't that a pretty good exoneration? But it's not an exoneration on the merits. And that's what we're interested in for the purposes of Federal law. Because it's a specific State law, and the State law doesn't necessarily have the same effect. I take my brother, Ms. Scanlon's, suggestion as a good one. Perhaps we should give both parties 10 days in which to cite some authority for the position that the government has taken in this case through you. Absolutely. Thank you, counsel. One question. Absolutely, for me, in terms of our court, I'm curious whether you're from the Office of Immigration Litigation. I am. Thank you, counsel. Thank you. Your time has expired. Ms. Vargas, you have some reserved time. I'll waive. You will waive? Waive. Oh, thank you, counsel. The case just argued will be submitted subject to leaving submission deferred for 10 days within which both parties may advise the Court of the authorities upon which they rely with respect to that point. The Court will adjourn.
judges: O'SCANNLAIN, Sack, BEA